IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STEPHEN HALL,

    Plaintiff,                                  Case No.: 3:12-CV-322

vs.

COMMISSIONER OF                     District Judge Walter H. Rice
SOCIAL SECURITY,                    Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THE CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not disabled and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's Memorandum in Opposition (doc. 11), Plaintiff's Reply (doc. 12), the administrative record (doc. 7), and the record as a whole.[2]

I.

**A. Procedural Background**

Plaintiff filed applications for DIB and SSI on March 5, 2009, asserting a disability onset date of November 12, 2003. PageID 198-204, 205-07. Plaintiff claims he is disabled due to a number of impairments including, *inter alia*, fainting episodes of unknown origin. PageID 225.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the administrative record will refer only to the PageID number. Additionally, Plaintiff's pertinent medical records have been adequately summarized in his Statement of Errors and the administrative decision, *see* doc. 9 at PageID 1015-17; PageID 44-57, and the Court will not repeat them here. Where applicable, the Court will identify the medical evidence relevant to its decision.

Following initial administrative denials of his applications, Plaintiff received a hearing before ALJ Amelia G. Lombardo on January 25, 2011.  PageID 78-107.  On, March 31, 2011, ALJ Lombardo issued a written decision finding Plaintiff not disabled.  PageID 42-58.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act [. . .];

2. The claimant has not engaged in substantial gainful activity since November 12, 2003, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*);

3. The claimant had the following severe impairments: syncope, of unknown etiology; bipolar disorder; anxiety disorder; and dysthymia (20 C.F.R. §§ 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity [("RFC")][3] to perform a full range of work at all exertional levels, but with the following nonexertional limitations: unskilled work that is low stress in nature (defined as no assembly line production quotas and not fast paced); minimal contact with the general public; no exposure to heights or hazardous machinery; and no commercial driving;[4]

6. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965);

7. The claimant was [ . . . ] 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.963);

---

[3] A claimant's RFC is the most physical exertion a claimant can perform in the workplace despite his or her impairments and any related symptoms, such as pain.  20 C.F.R. § 404.145(a).  The assessment is based on all relevant evidence in the record and the claimant's ability to meet the physical, mental, sensory, and other requirements for work as described in 20 C.F.R. §§ 404.1545(b), (c), and (d).

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  In this case, the ALJ found Plaintiff retained the RFC to perform work at all levels of exertion.

    8.    The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964);

    9.    Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 C.F.R. §§ 404.1568 and 416.968);

    10.    Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)); [and]

    11.    The claimant has not been under a disability, as defined in the Social Security Act, from November 12, 2003 through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

PageID 44-57 (brackets and footnotes added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 34-38; *see Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal.[5] *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B. Hearing Testimony**

At the administrative hearing, Plaintiff testified that he stopped working in November 2003 due to dizzy spells and syncopal episodes. PageID 82. Plaintiff stated that when he engages in any amount of exertion, his heart rate accelerates, causing him to become weak and lose consciousness. PageID 83. Plaintiff has seen numerous specialists for his condition, who have been unable to diagnose its root cause or resolve his symptoms. PageID 84. Plaintiff also testified as to suffering from depression, insomnia, suicidal ideation, and anxiety attacks.

---

[5] Hereafter, citations will be to the pertinent DIB provisions with full knowledge of the corresponding SSI regulations and statutes.

PageID 86-91. He sees a therapist every two weeks, and has experienced persistent depression since his mother's death in 1998. PageID 86-87.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, there is a "'zone of choice' within which the Commissioner can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B. "Disability" Defined**

To be eligible for DIB and/or SSI, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997). During the first four steps of the five-step sequential analysis, the

claimant has the burden of proof. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520. Should the claimant meet all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to establish that the claimant retains the RFC to perform other substantial gainful activity existing in the national economy. *Key*, 109 F.3d at 274.

### III.

On appeal, Plaintiff argues that the ALJ erred by failing to properly consider the opinion of his long-time treating physician, Paul Martin, D.O.[6] Doc. 9 at PageID 1013. For the reasons that follow, the Court finds the ALJ's decision is not supported by substantial evidence, and merits reversal.

### A. The Treating Physician Rule

The treating physician rule requires the ALJ to generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians because:

> these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treater's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

---

[6] Plaintiff also argues that the ALJ failed to properly evaluate the psychological evidence of record. In light of the Court's favorable decision on Plaintiff's argument concerning the weight afforded to his treating physician, *see infra*, the Court need not reach the merits of his second assignment of error. Moreover, on remand, the ALJ is instructed to re-evaluate all the medical evidence of record, including the psychological evidence, in accordance with this opinion.

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 406-07. When the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. The ALJ's failure to adequately explain the reasons for the weight given a treating physician's opinion "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Id*. at 407.

### B. The ALJ Misapplied the Treating Physician Rule

Dr. Martin, an internal medicine specialist, was Plaintiff's primary care physician for over fifteen years, and throughout the alleged disability period. PageID 227-28. The evidence contains medical records for Plaintiff's treatment relationship with Dr. Martin from December 2003 through October 2010. PageID 383-436, 474-546, 663-79, 886-97. During this time, Dr. Martin treated Plaintiff over forty times for his various impairments. *Id.* In March 2009, Dr. Martin completed a medical form for the Department of Job and Family Services, in which he described Plaintiff's multiple impairments and reported that Plaintiff was unemployable, and

would be for twelve months or more. *Id.* On October 6, 2010, Dr. Martin again stated that Plaintiff would be incapable of returning to work. PageID 868. He assessed Plaintiff's prognosis as "fair at best," and cited the "chronicity, unpredictability, severity, and progression of his physical and mental impairments" as causing Plaintiff to be "permanently and totally disabled from performing all forms of substantial gainful employment." PageID 869.

The ALJ declined to give controlling, or even deferential weight, to the opinion of Dr. Martin, finding his assessment "unsupported by objective signs and findings in the record." PageID 53. The ALJ held "[t]he record contains no objective findings or etiology for many of the other impairments listed [by Dr. Martin]." *Id*. The ALJ also gave little weight to Dr. Martin's opinion that Plaintiff is unemployable, finding that opinion to be a question reserved to the Commissioner. *Id.* Additionally, the ALJ noted that Dr. Martin's disability opinion may have been limited to Plaintiff's past work, though this assertion has no support in the evidence of record. *See* narrative letter by Dr. Martin at PageID 869.

Aside from a general rejection of Dr. Martin's opinion, the ALJ failed to address the "good reasons" factors that must be considered when evaluating a treater's opinion. PageID 53. The ALJ's opinion is silent regarding the factors enumerated in 20 C.F.R. §§ 404.1527(c)(2)-(6) -- including, *inter alia*, the length of the treatment relationship between Plaintiff and Dr. Martin; the frequency of examination; and Dr. Martin's specialization and experience. Although the ALJ listed the factors she was required to consider, she did not actually apply these factors to the record before her. PageID 53. Without such analysis, or any significant discussion of Plaintiff's relationship with Dr. Martin, the Court is unable to meaningfully review the ALJ's finding that the treater's opinion is not entitled to deferential or controlling weight. *Accord*

*McHugh v. Astrue*, No. 1:10-CV-734, 2011 WL 6130824, at *4 (S.D. Ohio Nov. 15, 2011) ("As a rule, the ALJ must build an accurate and logical bridge between the evidence and his [or her] conclusion . . . . When an ALJ fails to mention relevant evidence in [the] decision, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored") (brackets added; internal citations omitted). The ALJ merely noted that the "determination of disability is a question reserved to the Commissioner" and "there is no indication that Dr. Martin is qualified to offer an opinion on the [Plaintiff's] employability." *Id.* The ALJ's failure to explain more, aside from this conclusory analysis, "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley*, 581 F.3d at 407. Such an omission deprives the Court of its opportunity to consider whether the ALJ provided adequate justification for giving less than controlling weight to the findings of Plaintiff's treating physician. *Id.* at 406-07.

Although Dr. Martin is not a specialist, all of the other factors weigh in favor of crediting his opinion. Dr. Martin examined Plaintiff on many occasions; he treated Plaintiff over a substantial period of time and on a regular basis; he provided specific clinical and diagnostic findings to support his diagnoses and findings; and his findings are consistent with the record as a whole. The record also makes clear that Dr. Martin was responsible for coordinating Plaintiff's care with the other specialists of record. *See* 20 C.F.R. § 404.1527(c)(2); *Blakley*, 582 F.3d at 406. To the extent that Dr. Martin concluded Plaintiff was disabled, the ALJ was not bound to accept his opinion regarding the ultimate issue of disability. *Kidd v. Comm'r of Soc. Sec.*, 289 F. App'x 336, 341 (6th Cir. 2008). Nevertheless, pursuant to 20 C.F.R.

§ 404.1527(c), the ALJ was still bound by the regulations to analyze Dr. Martin's opinion under the relevant factors and explain the weight given to his opinion.

Additionally, opinions of record-reviewing physicians are to be weighed under the same factors as treating physicians. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive . . . we consider all of the following factors [*e.g.*, examining relationship, specialization, supportability] in deciding the weight we give to any medical opinion"). The ALJ did not apply these factors in evaluating how much weight to give the state agency reviewing physicians, Drs. Diane Manos, M.D. and Elizabeth Das, M.D., though the ALJ indicated that she relied heavily on their opinions. *See* PageID 52. The ALJ stated that she gave "significant weight to the opinions of the BDD reviewing physicians, as their assessments are supported by objective signs and findings in the substantial medical evidence of record." *Id*. In affording more weight to the reviewing physicians, the ALJ did not scrutinize their opinions under the required standard. For example, the ALJ did not consider the extremely limited nature of these physicians' relationship with Plaintiff. PageID 466-73, 553. Moreover, she did not consider their specializations -- Dr. Manos is a general, family practitioner; and Dr. Das an anesthesiologist. PageID 473, 553. Likewise, the ALJ did not offer an analysis of any other factor related to these physicians in support of her decision to give their opinions controlling weight, as is required by 20 C.F.R. § 404.1527(c). This lack of analysis was in error and merits reversal. *Bowen*, 478 F.3d at 746 (finding an ALJ's decision "will not be upheld where the SSA fails to follow its own regulations").

## IV.

Because the ALJ failed to consider the factors listed in 20 C.F.R. § 404.1527(c) in determining the weight to give Plaintiff's treating and non-treating physicians, the ALJ's non-disability finding is not supported by substantial evidence. *Accord Blakley*, 581 F.3d at 406-07. The ALJ's decision thus warrants reversal under Sentence Four of 42 U.S.C. § 405(g) and remand for reconsideration of Plaintiff's RFC. On remand, the ALJ shall consider anew the medical evidence of record and properly analyze that evidence under the controlling Social Security regulations. Such review -- of Plaintiff's treating physician and the reviewing physicians -- shall apply the good reasons rule. *See Wilson*, 378 F.3d at 544 (citing 20 C.F.R. § 404.1527(d)(2)) ("We will always give good reasons in our notice of determination or decision for the weight we give [a plaintiff's] treating source's opinion").

### IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g), for proceedings consistent with this opinion; and

3. This case be **CLOSED** on the docket of this Court.

February 4, 2014                                       s/ Michael J. Newman
                                                       United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).