IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN HALL, :

        Plaintiff, : Case No. 3:12cv322

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY; PLAINTIFF'S LIMITED OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14), REQUESTING A REMAND FOR THE PAYMENT OF BENEFITS RATHER THAN ONE FOR FURTHER ADMINISTRATIVE PROCEEDINGS, OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, UNDER THE FOURTH SENTENCE OF 42 U.S.C. ¶ 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

        Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On February 4, 2014, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's finding that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed, and the captioned cause remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. ¶ 405(g), for further administrative proceedings. Based upon reasoning and citations of

authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #13), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #7), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, reversing said decision and remanding the captioned cause to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. ¶ 405(g), for further administrative proceedings. The Plaintiff's Limited Objections to the above judicial filing (Doc. #14), requesting that the captioned cause be remanded for the payment of benefits rather than for further administrative proceedings, is overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause remanded for further administrative proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole

function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security

disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. A review of the entirety of the record convinces this Court, as it did the Magistrate Judge, that the Defendant Commissioner erred by declining to give controlling or even deferential weight to the opinion of Plaintiff's treating physician, Dr. Martin. Moreover, not only did the Hearing Officer fail to address the "good reasons" factors that must be considered when evaluating a treating physician's opinion, she failed to weigh the opinions of the non-treating, record-reviewing physicians by applying the proper evaluative factors in determining how much weight to give those state-agency reviewing physicians, Drs. Diane Manos, M.D. and Elizabeth Das, M.D. The Administrative Law Judge simply did not follow the Commissioner's own Regulations in these regards.

2. Even though the Commissioner's finding of non-disability must be reversed, as not based upon substantial evidence, a remand for the payment of benefits would not be proper, given that all essential factual issues have not been resolved and the record does not adequately establish Plaintiff's entitlement to benefits. Given that the Administrative Law Judge did not apply the proper analysis to Plaintiff's treating physician and to the non-examining, state agency reviewing physicians, all essential factual issues have not yet been resolved. To conclude that the record

adequately establishes Plaintiff's entitlement to benefits would be tantamount to this Court's performing that analysis in the first instance. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994). Accordingly, a remand is appropriate, pursuant to Sentence Four of 42 U.S.C. ¶ 405(g). On remand, the Defendant Commissioner shall consider, once again, the medical evidence of record and properly analyze that evidence, both physical and psychological, of the treating physician and non-examining state agency reviewing physicians under the controlling Social Security Regulations. Such review shall apply the "good reasons rule," should the Hearing Officer determine that the opinion of any examining or non-examining, reviewing physician is not entitled to controlling weight.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Limited Objections to said judicial filing (Doc. #14), to the extent he seeks remand for the payment of benefits rather than one for further administrative proceedings, is overruled. Judgment will be ordered entered in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. ¶ 405(g), for further administrative proceedings set forth herein.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 12, 2014

/s/ Walter H. Rice
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record