FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STEPHEN HALL,

                Plaintiff,                                 Case No.: 3:12-CV-322

    vs.

COMMISSIONER OF                             District Judge Walter H. Rice
SOCIAL SECURITY,                        Magistrate Judge Michael J. Newman

                Defendant.

---

**REPORT AND RECOMMENDATION THAT THE PARTIES' JOINT STIPULATION FOR EAJA FEES BE CONSTRUED AS A JOINT, UNOPPOSED MOTION FOR $4,478.71 IN EAJA FEES, AND GRANTED.[1]**

---

This case is before the Court pursuant to a request by Plaintiff for an award of his attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[2]  Doc.18.  Plaintiff and the Commissioner filed a stipulation to an award of fees; this stipulation (doc. 18) is construed as a joint, unopposed motion for $4,478.71 in EAJA fees.

**I.**

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)).  A party who wins a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).  EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] No costs are here at issue.  Doc. 18 at PageID 1090.

**II.**

On March 12, 2014, Judge Rice adopted the undersigned's Report and Recommendation reversing and remanding this matter under Sentence Four for further administrative proceedings. Docs. 13, 15.  Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes, and is therefore entitled to an award of attorney's fees under EAJA.  *See Shalala*, 509 U.S. at 301-02.

Plaintiff's counsel advises the Court that she worked 26.75 hours on this matter.  Doc. 17-2 at PageID 1088.  At the stipulated amount of $4,478.71, this calculates as $167.42 per hour -- an hourly rate not challenged by the Commissioner.  Having reviewed the time sheet entries submitted by Plaintiff's counsel, *see* doc. 17-2 at PageID 1088-89, and considering the nature of the work counsel performed in this matter, the Court finds the requested fees reasonable.  *Compare Kash v. Comm'r of Soc. Sec.*, No. 3:11-CV-44, 2012 WL 3112373, at *2-3 (S.D. Ohio July 31, 2012) (Newman, M.J.), *adopted by* 2012 WL 3636936, at *1 (S.D. Ohio Aug. 21, 2012) (Rice, J.) (finding an hourly rate of $176.36 reasonable in an EAJA fee application)*.*  Accordingly, Plaintiff is entitled to an EAJA fees award in the amount of $4,478.71.

**III.**

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. The parties' joint stipulation for an EAJA fee award (doc. 18), construed as a joint, unopposed motion for an award of attorney's fees, be **GRANTED**;

2. Plaintiff be **AWARDED** the sum of $4,478.71 in EAJA fees; and

3. As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.

June 27, 2014                                                            s/ **Michael J. Newman**
                                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).